UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEVIN STERLING

VERSUS                                                   CIVIL ACTION NO. 08-424-JJB

CITY OF NEW ROADS, etal.

## RULING ON DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

This matter is before the court on a Motion for Partial Dismissal [doc. 7] for failure to state a claim filed by Defendant City of New Roads. Defendant is being sued in its official capacity as an employer under the Family Medical Leave Act. Plaintiff, Kevin Sterling, has filed an Opposition in which he requested leave to file an amended Complaint [doc. 9]. Defendant filed a reply memorandum [doc. 12] in support of his motion for partial dismissal. For the reasons that follow, Plaintiff's request to file an Amended Complaint [doc. 9] will be GRANTED and Defendant's motion for partial dismissal will be denied.

## FACTUAL BACKGROUND

According to allegations in the Complaint, on or about June 10, 2002, Plaintiff was hired by the City of New Roads in the capacity of a police officer, where he was assigned to work with the New Roads Police Department [doc. 1 at 3].

In March, 2007, Plaintiff began suffering from sleep apnea along with experiencing complications from his diabetes. *Id.* Because these medical problems began to interfere with his job performance, Plaintiff was advised by his supervisor, Chief Kevin McDonald, to take some time off and to manage his medical needs. *Id.*

Plaintiff, a covered employee under the Family Medical Leave Act ("FMLA"), submitted a request for leave with Defendant, and his request was ultimately approved. *Id.* His leave commenced on May 15, 2007. *Id.* After exhausting the full 12 weeks permitted under the law,

1

Plaintiff returned to work sometime in July, 2007. *Id.* Upon his return, he was informed by Chief McDonald that he "would not be restored to his prior position." *Id.*

Plaintiff asserts three violations of federal and state laws, including: (1) violation of the FMLA, 29 U.S.C. §2615(a)(1); (2) violation of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"); and (3) violation of Louisiana anti-discrimination laws. Plaintiff claims that he has suffered irreparable injury from Defendant's conduct and that he is entitled to liquidated damages, plus interest of the following: (1) loss of income; (2) employment benefits; (3) health insurance; and (4) any other compensation denied or lost to him.

Defendant asserts three general grounds for partial dismissal of the instant action. First Defendant asserts that Plaintiff has cited no specific or general facts in support of his claims under COBRA or the Louisiana anti-discrimination statutes [doc. 7-2 at 3]. Additionally, Defendant asserts that Plaintiff has failed to allege any form of disparate treatment, disparate impact or any circumstances, occurrences, or events in support of a discrimination claim. *Id.* Lastly, in its reply, Defendant argues that Plaintiff is not entitled to bring a claim under the Louisiana Employment Discrimination Law simply because he asserts a FMLA claim [doc. 9 at 2]. Thus, Defendant argues that the plaintiff has failed to state a claim under Rule 12(b)(6). *Id.*

## STANDARD FOR DISMISSAL FOR FAILURE TO STATE A CLAIM

A motion to dismiss for failure to state a claim may be granted when the Complaint fails to state a legally cognizable claim. Fed. Rule. Civ. P. 12(b)(b). As set forth by the United States Supreme Court, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-56 (1957). In *Bell Atlantic Corp. v. Twombly*, 127 U.S. 1955, 1959 (2007), the Supreme Court noted that *Conley's* "no set of facts"

rule was "an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. Accordingly, this Court will apply the Supreme Court's pronouncement that the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. If the plaintiff has "not nudged [his] claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.* Rule 12(b)(6) motions are rarely granted and viewed with disfavor. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).

## DISCUSSION

### A. Family and Medical Leave Act (FMLA) Violations

The FMLA provides two theories of recovery: the entitlement theory, which creates substantive rights for employees eligible for the coverage of the FMLA, and the retaliation theory, which prohibits employers from retaliating against employees who exercise their FMLA rights.[1]

To establish a *prima facie* case of discrimination or retaliation under the FMLA, Plaintiff must show that (1) he is protected under the FMLA; (2) he suffered an adverse employment decision; and (3) either (a) he was treated less favorably than an employee who had not requested leaver under the FMLA, or (b) the adverse decision was made because the plaintiff's request for leave. *Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998).

Plaintiff's allegations are that (1) he was told to take leave to tend to his medical needs; (2) on May 15, 2007, he took the entire full twelve weeks permitted under the law; (3) he returned to sometime in July, 2007; (4) he was informed by Chief McDonald that he would not be restored to his prior position; and (5) he was terminated. Plaintiff does not assert an interference claim

---

[1] 29 U.S.C. §2612(a)(1) sets forth the entitlement to FMLA leave; 29 U.S.C. §2614(a) provides for the restoration to original or equivalent position; 29 U.S.C. §2615(a) prohibits interference with the exercise of FMLA rights.

because there is no allegation that sick leave or any FMLA benefit was denied. As to retaliation, there is no expressed allegation of any adverse employment decision resulting from Plaintiff's FMLA participation. In his Complaint, Plaintiff never administratively alleged any sort of adverse consequence which inured to his detriment on account of his FMLA activity. Plaintiff did not contend that Defendant ceased paying him, demoted him, denied him any benefit or treated him unfavorably for exercising his rights under the FMLA.[2]

In his Motion in Opposition, Plaintiff states that he was a covered employee who had been granted FMLA and suffered an unfavorable employment action that was directly related to his FMLA status [doc. 9 at 3], and his position was terminated because he exercised his rights under FMLA [doc. 9 at 3].

When this is not expressly alleged in the Complaint, Plaintiff has leave to amend his petition. Plaintiff requests that the Court grant him Leave to Amend his Petition. "In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). "Whether leave to amend should be granted is entrusted to the sound discretion of the district court." *Id*. Defendant filed its Motion for Partial Dismissal on September, 10 2008. On September 30, 2008, Plaintiff filed a Memorandum in Opposition in which he made a request to amend his petition to state a claim upon which relief can be granted. The request, only 20 days after the Complaint was filed, shows no undue delay.

---

[2] "All that remains is the plaintiff's subjective perception that his supervisor retaliated against him for having taken FMLA leave, which is inadequate to stave off Defendant's motion pursuant to Rule 12(b)(b)." *See Miles v. Potter*, 2007 WL 1890685, 8 (E.D. La. 2007).

The court will GRANT Plaintiff leave to Amend his Complaint to more fully state his claim under the FMLA.

**B. Cause of Action Under COBRA**

In order to avoid dismissal for failure to state a claim, a plaintiff must "plead specific facts not mere conclusory allegations." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1982). Thus, the plaintiff must provide fair notice of what the plaintiff's claim is "and the grounds upon which it rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514-15 (2002).

The plaintiff's complaint fails to state specific facts to support a cause of action under COBRA. Congress created COBRA to provide temporarily for the health care insurance needs of persons who have, following a qualifying event, lost their employment-related insurance.[3] In his Complaint, Plaintiff has failed to aver that he was deprived of his health insurance in violation of COBRA, nor does he allege any facts regarding the defendant's failure to comply with the notification requirements under COBRA.

In his Opposition, Plaintiff argues that he was a "qualified beneficiary" and that Defendant failed to comply with COBRA [doc. 9 at 2]. As Defendant moved for a Motion for Partial Dismissal for failure to State a Claim under Rule 12(b)(6), the Court is restricted to allegations in the complaint.

However, Plaintiff has indicated in his Opposition that he could amend to allege facts that would support a cause of action under COBRA. This Court will GRANT Plaintiff the opportunity to Amend to state a claim under COBRA.

---

[3] Donaldson, *Construction and application of ERISA provisions governing continuation coverage under group health plans*, 126 A.L.R. Fed. 97 (1995).

5

### C. The Louisiana Discrimination Claims

It his Complaint, Plaintiff asserted claims against Defendant under Louisiana Employment Discrimination Law. As Defendant points out, Plaintiff's Complaint has fail to specify which of Louisiana's anti-discrimination statutes are at issue or to allege any form of disparate treatment in support of his discrimination claim.

In his Opposition, Plaintiff seeks to assert a claim under La. R.S. 23:332 based upon alleged involuntary discharge for exercising his rights under FMLA. In reply, Defendant argues that La. R.S. 23:322 by its terms is limited to discrimination based upon "age, race, color, religion, sex, national origin and disability."

The court finds that the claim under La. R.S. 23:332 is subsumed in the FMLA Claim. Under the circumstances, the Court finds no need to explore the parameters of La. R.S. 23:332.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for leave to Amend his Complaint [doc. 9] is GRANTED. Defendant's motion for partial dismissal [doc. 7] is DENIED. Plaintiff shall file an amended complaint within 20 days more fully alleging his claim under FMLA and COBRA.

Baton Rouge, Louisiana, this 15th day of October, 2008.

JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA

6