UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KEVIN STERLING

VERSUS

CITY OF NEW ROADS

CIVIL ACTION

NO. 08-424-JJB

## RULING

This matter is before the Court on Defendant's motion (doc. 40) for summary judgment. Plaintiff filed an opposition (doc. 42) and Defendant filed a reply (doc. 43). There is no need for oral argument. For reasons provided herein, the Court GRANTS Defendant's motion.

### Factual Background

Sterling, a former police sergeant with the City of New Roads Police Department, applied for leave under the Family Medical Leave Act ("FMLA") on April 25, 2007. See 29 U.S.C. § 2612(a). Upon approval on April 26, 2007, the leave began[1] and thus expired twelve weeks later, on July 19, 2007.[2] In connection with his approval, New Roads informed him that he would need to furnish a fitness for duty certificate when his leave ended.

Sterling applied for Social Security Disability Insurance ("SSDI") on March 29, 2007, and applied for disability retirement under Louisiana's Municipal Police Employee Retirement System ("MPERS") on July 9, 2007. A day after the

---

[1] Although there is some confusion as to when Sterling's leave began, it is clear from the record that New Roads granted his request on April 26, 2007.
[2] Under the FMLA, an eligible employee is entitled to twelve weeks of leave during any twelve-month period for a qualifying event. 29 U.S.C. § 2612(a).

1

conclusion of his leave period, in connection with his MPERS application, Sterling provided a letter from Dr. Picard, which states that Sterling's disabilities prevent him from continuing his work as a police officer.

Now, Sterling alleges that when his medical leave ended, New Roads unlawfully refused to reinstate him to his previous position, thereby violating the FMLA. He also alleges that New Roads unlawfully failed to notify him of his continuing care options under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). *See* 29 U.S.C. § 1161.

## Summary Judgment Standard

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial rests on the non-movant, as it does here, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-movant's case. *See id.* The movant may do so by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case. *Id.*

Although the Court considers any disputed or unsettled facts in the light most favorable to a plaintiff, he may not merely rest on allegations set forth in his pleadings. Instead, a plaintiff must show that there is a genuine issue for trial by presenting evidence of specific facts. *See Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy a plaintiff's burden. *See Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). If, once a plaintiff has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the plaintiff, summary judgment will be granted. *See Celotex*, 477 U.S. at 322; see also Fed. Rule Civ. P. 56(c).

Analysis

*a. Interference Claim under the FMLA*

In connection with his claims for SSDI and MPERS disability retirement, Sterling affirmed that his disability prevented him from returning to any meaningful employment.[3] By contrast, in making his claim under the FMLA, Sterling now asserts that he could have returned to his former position and that New Roads unlawfully interfered by preventing his return.

New Roads argues that because of Sterling's prior affirmations regarding his disabilities, he should now be estopped from arguing that he could have returned to his job. Because under the FMLA an employee must be able to perform the essential functions of his previous job upon return, if the Court estops Sterling from arguing that he could perform those functions, he cannot prevail on his claim under the FMLA. *See Hatchett v. Philander Smith College*, 251 F.3d 670, 677 (8th Cir. 2001); *Anderson v. New Orleans Jazz & Heritage*

---

[3] To qualify for SSDI, an applicant's disability must prevent him from engaging "in any substantial gainful activity." 42 U.S.C. § 416(i)(1). To qualify for MPERS disability retirement, an applicant must be "totally disabled for any cause." La. R.S. 11:210.

*Festival, Inc.*, 464 F. Supp. 2d 562, 567 (E.D. La. 2006); 29 C.F.R. § 825.214(a)(1). Indeed, the FMLA does not require reinstatement to a position that the employee cannot perform. *See Hatchett*, 251 F.3d at 677.

On the surface, therefore, these dual representations appear untenable. However, because they are not purely factual representations, but "context-specific legal conclusion[s]," the assertions do not preclude one another. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 802 (1999) (allowing dual but conflicting claims under SSDI and the Americans with Disabilities Act ("ADA")).[4] But, in order to validly make both assertions, a plaintiff must proffer a sufficient explanation; he cannot ignore the contradiction. *Id.* at 806.

Here, Sterling explains this contradiction by arguing that after losing his job, financial insecurity forced him to apply for Medicaid, and in order to obtain Medicaid he had to apply for SSDI benefits. New Roads responds that this explanation is little more than post-factual pretense, while pointing to deposition testimony where Sterling does not mention a need for Medicaid; instead, as explanation for needing SSDI, Sterling listed several non-medical bills.[5] Moreover, at the time Sterling applied for SSDI, New Roads still provided him with health insurance, which negates his claim of needing Medicaid.[6]

---

[4] Claims under SSDI and the ADA similarly require seemingly incompatible affirmations.
[5] Sterling Dep. 62.
[6] Beard Decl. 1. New Roads continued providing all employee benefits, including health insurance, until about September 1, 2007.

Assuming Sterling needed SSDI to obtain Medicaid, his explanation does not address why he also applied for MPERS disability retirement. Taken together, it does not seem that Sterling simply pursued alternative theories to recover benefits, but rather that he chose to pursue disability options rather than reinstatement. He represented to New Roads his wish to obtain disability retirement. In fact, after Kathy Bourque, Director of MPERS, notified Sterling that he needed a letter of disability from the Chief of Police, Sterling asked that Chief McDonald provide a written statement affirming that because of Sterling's disability, he could not perform his previous job or any equal-pay jobs available.[7]

Even if Sterling's affirmations during his MPERS application process do not enjoin his current claims—an issue that the Court need not decide—they do color that claim. In order to succeed on an FMLA interference claim, a plaintiff must establish the following elements: (1) that he is an eligible employee; (2) that the defendant is an employer under the FMLA; (3) that he was entitled to leave under the FMLA; (4) that he gave notice to the defendant of his intention to take leave; and (5) that he was denied benefits to which he was entitled. *See Daugherty v. Wabash Ctr., Inc.*, 577 F.3d 747, 750 (7th Cir. 2009); *Mascioli v. Arby's Rest. Group, Inc.*, 610 F. Supp. 2d 419, 429-30 (W.D. Pa. 2009); *Geromanos v. Columbia Univ.*, 322 F. Supp. 2d 420, 427 (S.D.N.Y. 2004).

---

[7] Sterling now argues that Chief McDonald's letter was actually a notice of termination. That assertion, however, lacks support and is countered by the facts that the letter was not addressed to Sterling, but to Kathy Borque, and that Sterling testified that he indirectly asked Chief McDonald to provide this letter to Kathy Borque in connection with his MPERS application (Sterling Dep. 73-74).

The first four elements are not in dispute, thus the critical issue is whether Sterling has established the fifth element, i.e., that he was entitled to return to work. The FMLA does not require an employer to reinstate its employee if that "employee is unable to perform an essential function of his position because of a physical or mental condition." 29 C.F.R. § 825.214(b). Here, notwithstanding Sterling's unsupported assertions that he evidenced a desire to return to work, the evidence establishes that Sterling could no longer perform those functions.

For instance, on July 20, 2007, a day after Sterling's leave expired, he provided a letter from Dr. Picard identifying Sterling's continuing disabilities and opining that he could not return to work. Coupled with Sterling's indirect solicitation of Chief McDonald's letter in support of his MPERS application, New Roads could have reasonably concluded that Sterling could no longer perform the essential functions of his position. Indeed, there is no record evidence that Sterling provided notice that he could return to work. And that lack of notice is fatal to Sterling's claim.

At the very most, Sterling provided a letter *expecting* a return to work after twelve weeks of leave.[8] This letter, however, was not a fitness for duty certificate, but an expected prognosis, set forth at the onset of Sterling's leave, attempting to predict how long Sterling would likely be unfit to return. If, at the

---

[8] Sterling also points to a letter from Dr. Doucet, which is addressed to "City of New Roads" and notes that Sterling is able to perform his job functions. That letter, however, is not dated and there is no indication of when, if ever, Sterling provided New Roads with this letter.

6

conclusion of his leave, Sterling had provided New Roads with a fitness for duty certificate, then a genuine dispute might exist. Instead, Sterling not only failed to provide a fitness for duty certificate, but asked for assistance in obtaining disability retirement. Thus, any dispute regarding his fitness to return is not genuine.

In light of Sterling's previous efforts at obtaining MPERS disability retirement, including medical opinions he provided, New Roads no longer had a duty to reinstate Sterling.

a. *Notice of Rights under COBRA*

Sterling also claims that New Roads failed to provide him continuing care options under COBRA. See 29 U.S.C. § 1161. Under COBRA, an employer must provide notice to its plan administrator within thirty days of a qualifying event, and the administrator must provide notice to the employee of his rights within fourteen days of receiving notice. 29 U.S.C. § 1166(a)(2), (c). New Roads has provided documentation that it did not remove Sterling from payroll and benefits until September 1, 2007, and that Sterling received notice of his rights on October 4, 2007, which falls within the statutory window. In addition, Sterling testified that he received notice of his right to elect continuing coverage, but chose not to enroll.[9] Based on this evidence, the Court finds that no reasonable juror could find for Sterling on his COBRA claim.

---

[9] Sterling Dep. 88.

## Conclusion

The Court hereby finds that Plaintiff failed to establish that he was entitled to reinstatement at the conclusion of his leave time, under the FMLA. The Court further finds that Plaintiff's claims regarding COBRA are meritless.

Accordingly, Defendant's motion (doc. 40) for summary judgment is GRANTED.

Signed in Baton Rouge, Louisiana, this 6th day of January 2010.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA